NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STANLEY BAER et al., | : | |
| | : | Civil Action No. 11-1277 (SRC) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to alter the judgment and for leave to amend the Complaint by Plaintiffs Stanley Baer, Jesse. L. Cohen, Alan Roth, Elaine Ruth Schaffer, and Lenore H. Schupak (collectively, "Plaintiffs").  For the reasons that follow, the motion will be denied.

On December 8, 2011, this Court entered an Opinion and Order which granted Defendant's motion to dismiss, and dismissed the Complaint for lack of subject matter jurisdiction.  Plaintiffs now seek to reopen the judgment, pursuant to Federal Rule of Civil Procedure 59(e), and also ask for leave to file an Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a).

Plaintiffs argue that they should be allowed to reopen the judgment to amend the Complaint to include newly-discovered evidence.  Plaintiffs point to two categories of evidence: 1) evidence that the SEC knowingly violated federal law by destroying records from investigations, including investigations of Bernard Madoff; and 2) evidence that nine SEC

employees who mishandled Madoff investigations were subject to internal discipline.

Defendant contends that leave to amend should not be granted because amendment is futile. Under Third Circuit law:

> Futility is a basis on which to deny a Rule 59(e) motion accompanied by a Rule 15(a) motion. Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Futility of an amended complaint is reviewed under the same standard of legal sufficiency as applies under [F.R.C.P.] 12(b)(6).

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011) (citations omitted). The question is, then, whether the proposed amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6). It could not.

Neither category of newly discovered evidence, if added to the Complaint, would rescue the Complaint from its failure to state a valid claim for relief. In the Opinion of December 8, 2011, in short, this Court dismissed the Complaint for the following reasons:

> The Government has proven that the SEC's conduct in investigating Madoff is shielded by the FTCA's discretionary function exception. The Complaint fails to "allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Gaubert, 499 U.S. at 324-325. Plaintiffs' claims fall within the discretionary function exception to the FTCA, and this Court therefore lacks subject matter jurisdiction over this case. See Merando, 517 F.3d at 175.

(Opinion of December 8, 2011 at 14.)

Allegations based on the newly discovered evidence would not alter this conclusion. The evidence that SEC employees were disciplined appears completely untethered to any aspect of this Court's decision. Plaintiffs contend that this evidence "only strengthens Plaintiffs' argument that the SEC's conduct could not have involved judgment or discretion." (Pls.' Br. 10.) First, this is completely unpersuasive: whether an employee was disciplined says nothing about the

circumstances which gave rise to the discipline.  Employees may be disciplined for conduct involving failure to obey specific statutory mandates, or for conduct involving the exercise of discretion and judgment.  The occurrence of discipline says nothing at all about whether the conduct precipitating the discipline fell within the discretionary function exception.  Second, whether or not this evidence strengthens Plaintiffs' argument, it still does not "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

      Plaintiffs argue that the destruction of records of Madoff investigations would not fall within the discretionary function exception, since such conduct violates specific nondiscretionary mandates.  That may be so, but the problem for Plaintiffs is that this evidence does not nonetheless raise a right to relief above the speculative level.  Plaintiffs assert a negligence claim under the FTCA, and their primary legal theory is that the SEC's negligent conduct in investigating Madoff proximately caused investors' losses.  The destruction of investigation records has no place in the chain of proximate cause.  The destruction of records did not cause the investors' losses, nor did it cause the allegedly negligent investigations.  Conspicuously absent from Plaintiffs' brief is any argument explaining the logical link between the destruction of records and the injuries of which Plaintiffs complain.  Rather, Plaintiffs argue that this new evidence "removes the underlying conduct from the scope of the discretionary function exception." (Pls.' Br. at 11.)  Plaintiffs do not explain how this is the case, and this Court does not see that this evidence in any way impacts its analysis of the discretionary function exception.  Allowing amendment of the Complaint to include this evidence is futile, as it would not alter the failure of the Complaint to withstand a motion to dismiss.

      For these reasons,

**IT IS** on this 1st day of February, 2012

**ORDERED** that Plaintiffs' motion to alter the judgment and for leave to amend the Complaint (Docket Entry No. 42) is **DENIED.**

    /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge